Pope Trading Corporation, Inc., Appellant, *v.* Samuel Cutler and Others, Respondents.

First Department, February 21, 1918.

Sale — suit for breach of contract to sell and deliver goods — trade custom — delivery of bill of lading equivalent to delivery of goods — issue as to time within which bill of lading could be delivered — conflict of testimony — when complaint should not be dismissed as matter of law upon ground that action is prematurely brought.

Where in an action brought to recover damages for a breach of the defendant's contract to sell and deliver certain metal during a certain month it appeared that, according to the custom of the trade, such contracts were fulfilled by delivering bills of lading of the goods to the purchaser

and that such delivery was treated as delivery of the merchandise itself, and there is a conflict of evidence as to the length of time it would take a bill of lading to reach the plaintiff by mail from the shipping point of the goods, it was error for the court to dispose of this question of fact as a matter of law and to dismiss the complaint upon the ground that the action was prematurely brought.

APPEAL by the plaintiff, Pope Trading Corporation, Inc., from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 15th day of June, 1917, upon a dismissal of the complaint by direction of the court at the close of the case.

*Harry Edwards,* for the appellant,

*Aaron Cutler* of counsel [*Myron Wisoff* with him on the brief; *Wisoff & Cutler,* attorneys], for the respondents.

SHEARN, J.:

In this action, brought by the purchaser to recover damages for the breach of a contract of sale of 100 tons of pig lead at an agreed price, the complaint was dismissed upon the ground that the action was prematurely brought. The contract, dated January 11, 1917, recited the sale by the defendants of 100 tons of pig lead (prime western or Balbach's brand, at seller's option) at seven dollars and thirty cents per 100 pounds, lighterage free, port of New York, " Shipment February, 1917, at seller's option. Terms net cash against documents." It is conceded that " Balbach's brand " meant lead produced at Newark, N. J., which would ordinarily be lightered to New York harbor points within two or three days after shipment; that " prime western " lead meant lead produced at any point in the west, which would ordinarily require about two months to be transported to New York harbor points; also that under the contract the defendants had the option to fill the contract by delivering either " prime western " lead or " Balbach's brand," provided only that shipment of either was to be made during the month of February, 1917. The complaint alleged that on or about February 20, 1917, the defendants elected to ship the lead from Newark and notified the plaintiff of said election; that defendants failed to ship such lead during the month of February, 1917, although plaintiff demanded delivery; that

First Department, February, 1918.            [Vol. 181.

after a reasonable time in which to make delivery the defendants refused to make delivery; that plaintiff duly performed the contract on its part and made due and timely tender of payment in accordance with the terms of the contract. The answer consisted of a general denial, except as to the making of the contract. The proof showed that on February 19, 1917, the plaintiff wrote to the defendants asking to be advised by return mail " from what point this shipment will be made, *i. e.*, will same be shipped from some western point or will it be delivered from a New York refinery." The defendants replied by letter on the following day stating that " this lead will be shipped from Newark, N. J." On February 27, 1917, plaintiff wrote the defendants requesting to be advised as to the date of shipment of this lead. No letter was received in reply. On March 1, 1917, plaintiff again wrote requesting to be advised as to the date of shipment of this lead, but no reply was received. On March 2, 9 and 10, 1917, plaintiff wrote the defendants further letters demanding information as to date of shipment, but no reply was received. On March 12, 1917, plaintiff made its final demand and tender, and on March 14, 1917, this action was begun. Nearly all of the various letters refer to telephone conversations which the letters confirm. There was a sharp contradiction in the testimony concerning these conversations. The defendants claimed and the defendant Samuel Cutler testified that about the 27th of February, 1917, he had a conversation with plaintiff's secretary, Patrick F. Callahan, and told him that " this lead cannot come exactly on the February shipment, as we have the lead from the American, and we are afraid the American can't ship it, so we will get you lead from the west, and we will give you a February bill of lading," and that Callahan said in reply " he wouldn't do anything of the kind, he wants nothing but Balbach lead." This testimony was flatly contradicted by Mr. Callahan. The defendants never shipped any lead from the west or from any other place in fulfillment of the contract, taking the position that the plaintiff violated the contract by insisting upon Balbach lead. It appears that it is the custom of the trade to regard such a contract as filled when the documents or bills of lading are delivered

to the purchaser; that the delivery of the documents is treated as delivery of the merchandise; and that in considering the question of reasonable time the question is not how long it would ordinarily take the merchandise to arrive but within what time could the bill of lading or the documents be delivered in the ordinary course of business. Accordingly, we find considerable stress laid in the testimony and in the briefs on what was a reasonable time for the arrival of bills of lading from the furthest western shipping point, assuming that the lead was shipped on the last day of February, 1917. The only testimony on this subject was given by the defendant Samuel Cutler, and while he said that if shipment was made on the last day of February it would be unreasonable to expect a bill of lading by the twelfth of March, he also testified that he had known of bills of lading to come in from the western shipping points in eight or ten days. The point of this was whether plaintiff's tender on March twelfth was timely or premature, for upon this turned the question whether the commencement of this action on March 14, 1917, was premature. If there had been no contradiction in the testimony, and if all the inferences pointed to the fact that in the ordinary course the bill of lading would not arrive from the west until after March twelfth, the learned trial justice would have been warranted in deciding as a matter of law whether the plaintiff waited a reasonable time before making its demand and tender, but here was a conflict in the testimony and it might readily have been inferred and found as a fact by the jury that in the ordinary course it would not take a bill of lading more than twelve days to come through the mails from any western shipping point. It was, therefore, error for the court to dispose of this question of fact as one of law and dismiss the complaint on the ground that the action was prematurely brought. Furthermore, as the case stood, the question of reasonable time for the arrival of documents was one of minor importance, for the lead was never shipped at all and the defendants stood chiefly upon the alleged repudiation of the contract by the plaintiff, consisting of its alleged announcement of refusal to accept western lead, as to which there was a sharp conflict of testimony.

First Department, February, 1918. [Vol. 181.

Whether the defendants had a right to revoke their declaration of intention to ship lead from Newark, instead of from the west, in the absence of any evidence showing that plaintiff acted upon the declaration, is not necessarily involved, and is, therefore, not decided.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.